# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 03-436(3) (DWF/RLE) |
| | Civil No. 05-2970 (DWF) |
| Respondent-Plaintiff, | |
| v. | **ORDER** |
| Evencio Martinez Ruiz, | |
| Petitioner-Defendant. | |

Joseph T. Dixon, III, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

Evencio Martinez Ruiz, *Pro Se*, Petitioner-Defendant.

Mark D. Nyvold, Esq., Nyvold Law Office, counsel for Petitioner-Defendant.

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Evencio Martinez Ruiz's ("Petitioner-Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner-Defendant asserts that the sentence he received was illegal because the classification of methamphetamine as a Schedule II drug was improperly reclassified by the United States Attorney General and was not submitted to the jury, which he asserts is required by the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and in *United States v. Booker*, 543 U.S. 220 (2005). The Government opposes Petitioner-Defendant's motion.

## BACKGROUND

On December 16, 2003, a United States grand jury returned a five-count indictment against Petitioner-Defendant and three co-defendants, charging violations of 21 U.S.C. §§ 841, 846, and 856(a)(2).  Count 1 alleged that Petitioner-Defendant conspired to distribute 500 grams or more of a substance containing methamphetamine in November 2003, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  Count 2 charged Petitioner-Defendant with aiding and abetting possession with intent to distribute approximately three and one-half pounds of a mixture or substance containing a detectable amount of methamphetamine on November 14, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Count 3 charged Petitioner-Defendant with aiding and abetting possession with the intent to distribute approximately 28 grams of a mixture or substance containing a detectable amount of methamphetamine on November 14, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Count 4 charged Petitioner-Defendant with aiding and abetting possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride on November 14, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Count 5 charged Petitioner-Defendant with maintaining a "stash house" in violation of 21 U.S.C. § 856(a)(2).

A jury trial commenced on April 12, 2004, and concluded on April 16, 2004.  On April 16, 2004, the jury returned guilty verdicts against each of the defendants on all counts, as well as special verdicts on drug quantities with respect to certain counts.

The Court sentenced Petitioner-Defendant on August 12, 2004.  The Presentence Investigation Report concluded that the base offense level was 34, based upon the drugs

seized in the case. Based on the presentations and arguments of counsel for Petitioner-Defendant regarding the implications of *Blakely v. Washington*, 542 U.S. 296 (2004), the Court concluded that the jury finding only supported an applicable Guideline range of 121-161 months and, consequently, imposed a sentence of 121-months, one month more than the statutory minimum sentence.

Petitioner-Defendant appealed his conviction, but did not raise any arguments regarding his sentence. The Eighth Circuit heard oral argument on his appeal on May 11, 2004, which was after the Supreme Court issued its opinion in *United States v. Booker* 543 U.S. 220 (2005). The Eighth Circuit affirmed Petitioner-Defendant's convictions. *United States v. Ruiz*, 412 F.3d 871 (8th Cir. 2005).

On December 28, 2005, Petitioner-Defendant filed a *pro se* motion for relief, pursuant to 28 U.S.C. § 2255, as noted above.

**DISCUSSION**

First, even though *Blakely* had been decided prior to sentencing and was consequently argued before sentencing, and *Booker* was also decided before Petitioner-Defendant's appeal, Petitioner-Defendant did not raise any sentencing issues on appeal. Consequently, Petitioner-Defendant's claim that his sentence violated the principles set forth in *Blakely* is barred. Petitioner-Defendant is consequently barred from bringing an action pursuant to 28 U.S.C. § 2255 for unappealed errors to which no contemporaneous objection was made. *United States v. Frady*, 456 U.S. 152 (1982). It must be observed by this Court, consistent with the Government's remarks in its brief, that

Petitioner-Defendant at no time has argued that his attorney on appeal was ineffective. Moreover, no prejudice has been alleged by Petitioner-Defendant.

The Eighth Circuit has also held that *Booker* may not be applied retroactively in collateral proceedings. *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). Accordingly, Petitioner-Defendant's petition must be denied for this reason as well.

Finally, the applicable Guidelines range imposed by the Court (121-151 months), as well as Petitioner-Defendant's sentence of 121 months, were clearly supported by the jury's findings set forth on the special verdict form. With respect to Petitioner-Defendant's claim that methamphetamine was improperly classified as a Schedule II controlled substance, the Eighth Circuit and other courts have rejected this contention. *United States v. Roark*, 924 F.2d 1426 (8th Cir. 2005); *United States v. Kosek*, No. CR99-3029-MWB, 2004 WL 2192767 (N.D. Iowa Sept. 28, 2004) (surveying circuit opinions rejecting argument in context of rejecting 2255 ineffective assistance claim). Relatedly, there is no merit to the Petitioner-Defendant's assertion that it was erroneous not to submit the issue of the classification of methamphetamine to the jury. The Court denies Petitioner-Defendant's request and motion on this ground as well. *United States v. Macedo*, 406 F.3d 778 (7th Cir. 2005) (rejecting misidentification of schedule claim and noting jury's findings of drug type and quantity were sufficient to satisfy *Apprendi*).

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Evencio Martinez Ruiz's motion to vacate, set aside, or correct his sentence is respectfully **DENIED**.

2. Petitioner-Defendant Evencio Martinez Ruiz's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.


Dated: June 1, 2006                s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court